UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LINDA BUCZAKOWSKI,

Plaintiff,

-against- 5:18-CV-330 (LEK/ML)

CROUSE HEALTH HOSPITAL, INC., *et al.*,

Defendant.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Defendants, Crouse Health Hospital, Inc. ("Crouse" or the "Hospital"), John Bergemann, Lisa Dittrich, Catherine Greenia, and Dorothy DiCarlo (collectively, "Defendants"), have filed a motion to preclude Plaintiff's treating medical providers from offering expert testimony. Dkt. Nos. 124 ("Motion to Preclude"), 124-1 ("Defendants' Memorandum"), 124-3 ("Plaintiff's Treating Providers Disclosure" or "the Disclosure"). Plaintiff has opposed the Motion to Preclude. Dkt. No. 133 ("Plaintiff's Memorandum"). For the reasons set forth below, the Court grants Defendants' Motion to Preclude in part and denies in part.

## II. BACKGROUND

This case involves claims levied against Defendants for discrimination stemming from Plaintiff's age and medical disability. See Dkt. No. 49 ("Amended Complaint") at 14–21; Dkt. No. 72 at 30. As damages, in addition to deprivation of rights and financial loss, Plaintiff claims she has suffered extreme mental anguish, severe emotional distress, mental anxiety, depression, and psychological trauma as a result of Defendants' actions. Id. at 13–14.

On April 13, 2020, Plaintiff provided Defendants with a Treating Providers Disclosure setting forth the names and expected testimony of medical providers who had treated Plaintiff directly and had information relevant to Plaintiff's claims. See Treating Providers Disclosure. The Disclosure names Doctors Aref Agheli, M.D., Raman Dhawan, M.D., Michael Becker, M.D., and Nurse Practitioner Stephanie Doyle as anticipated witnesses. Id. The Disclosure states that these medical professionals will testify as to the respective purposes of their treatment of Plaintiff, Plaintiff's reports of problems with employment at Crouse, Plaintiff's reports of feelings of depression, mental distress, and anxiety and, in the case of Dr. Agheli and N.P. Doyle, treatment of Plaintiff for stress and depression and the prescription of anti-anxiety medication. Id.

Defendants now move to preclude these treating providers from offering expert testimony at trial "with respect to Plaintiff's claim for mental anguish, including any mental health diagnoses or testimony that Plaintiff's alleged mental anguish was caused by the employment matters alleged in this action." Defs.' Mem. at 1.

Defendants argue that "[w]here [a treating physician's] testimony is based on scientific, technical or specialized knowledge, such as a medical diagnosis or an opinion on causation, it is int [sic] admissible lay opinion testimony." Id. at 2 (quoting Gyllenhammer v. Am. Nat'l Red Cross, No. 15-CV-1143, 2017 WL 11295794 at *16 (N.D.N.Y. July 13, 2017)). Thus, Defendants reason, if these providers are to offer testimony regarding the causation of Plaintiff's mental health issues or their diagnoses of mental health issues, such testimony would necessarily be categorized as "expert" testimony. Id. at 3. Further, they argue the practitioners cannot offer expert testimony because certain requirements for admission of expert testimony have not been met. Namely, they argue the practitioners' opinions have not been properly disclosed under

Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C), the practitioners are not qualified to offer expert testimony on the issue of mental health under Federal Rule of Evidence ("FRE") 702, and any expert testimony they did offer regarding causation would not satisfy the standard set forth in Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) because they have not performed a differential analysis. Id. at 3–10.

Plaintiff responds that she does not intend to call the treating physicians as expert witnesses, but rather as fact witnesses. Pl.'s Mem. at 1, 4. Thus, she is not required to make the disclosures specified in FRCP 26(a)(2)(C) and the providers need not meet the requirements for expert witnesses under FRE 702 or Daubert. Id. at 2. Plaintiff argues that the physicians, while testifying as fact witnesses, may indeed testify as to any diagnoses, treatment, testing, and opinions formed, including opinions regarding causation of medical conditions, so far as those opinions are based upon their care and treatment of Plaintiff. Id. at 4–5.

## III. DISCUSSION

Because the parties agree that the treating physicians will not testify as expert witnesses, the issue becomes whether, as fact witnesses, they can testify to mental health diagnoses and causation of mental health conditions to support Plaintiff's claims of mental anguish.

To support their argument that the treating physicians cannot so testify as fact witnesses, Defendants rely heavily on Gyllenhammer v. Am. Nat'l Red Cross, No. 15-CV-1143, 2017 WL 11295794 (N.D.N.Y. July 13, 2017).

In Gyllenhammer, the plaintiff alleged negligence stemming from a fall he incurred while working on the defendant's premises. 2017 WL 11295794, at *1. The defendant sought to preclude the plaintiff's treating physician from testifying that certain injuries were caused by the fall because the plaintiff had failed to identify the physician as a potential expert witness and had not met the disclosure requirements for expert witnesses. Id. at *15. The court granted

preclusion, finding the physician could not testify as an expert witness, and as a fact witness could only testify as to "his examination and treatment of Plaintiff, such as his observations of Plaintiff's condition, tests he ran, and surgeries he performed on Plaintiff." Id. at 16. The court held the treating physician could not give any testimony "based on scientific, technical or specialized knowledge, such as a medical diagnosis or an opinion on causation" because such testimony would be expert testimony rather than admissible lay opinion testimony. Id.

However, the Court finds the reasoning in Gyllenhammer unpersuasive. It relies on an overly narrow interpretation of the Second Circuit's decision in United States v. Cuti, 720 F.3d 453 (2d Cir. 2013).

In Cuti, the Second Circuit reviewed testimony given by accountants with specialized knowledge and did indeed hold that "a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." 720 F.3d at 459. However, the Cuti court found the accountants' testimony to be admissible lay opinion testimony, holding that when an individual with specialized knowledge carries out an investigation, their testimony is not "expert" testimony so long as it is "based on his investigation and reflect[s] his investigatory findings and conclusions, and [is] not rooted exclusively in his expertise." Id. at 460 (citing Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 181 (2d Cir. 2004) (internal quotations omitted). The court distinguished such a situation with the one they dealt with in United States v. Garcia, 413 F.3d 201, 216 (2d Cir. 2005) where a police officer was precluded from giving testimony as lay opinion because it was based on "knowledge gleaned from other drug interdiction cases . . . on specialized experience that the agent had

accumulated from other cases and involved a specialized reasoning process not readily understandable to the average juror." Id.

The Gyllenhammer court, and by extension Defendants, fails to recognize that a treating physician is essentially performing an investigation as contemplated by Cuti. Thus, testimony of a treating provider is admissible lay opinion so long as it pertains to facts and opinions based in the provider's care and treatment of the party. See id.; see also Ali v. Connick, No. 11-CV-5297, 2016 WL 3002403, *8 (E.D.N.Y. May 23, 2016) ("[T]estimony of treating physicians as to facts acquired and opinions formed during consultation are considered factual and not expert testimony, and thus fall without the reach of Rule 26"). This includes diagnoses and opinions regarding causation, as has been found by several other courts.[1] To reiterate, the key distinction is that treating physicians are considered fact witnesses so long as they testify to facts learned and opinions formed based on personal knowledge obtained from treatment of the party, as opposed to opinions that arise from examination of outside sources. See Spencer, 2011 WL 4383046, at *3 (citing Mangla v. Univ. of Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. 1996)).

[1] See, e.g., Greasley v. United States, No. 15-CV-0642, 2018 WL 3215647, at *4 (W.D.N.Y. Jan. 18, 2018) ("a treating physician may still express an opinion regarding the cause of any medical condition presented in a patient . . . so long as the opinion is based upon the medical provider's care and treatment of the patient") (internal citations omitted); Puglisi v. Town of Hempstead Sanitary District No. 2, No. 11-CV-0445, 2013 WL 4046263, at *6 (E.D.N.Y. Aug. 8, 2013) (considering a treating provider's testimony to be "lay opinion" where it pertained to "facts acquired and opinions formed during [treatment]" because "such opinions are considered an explanation of treatment."); Spencer v. International Shoppes, Inc., No. 06-CV-2637, 2011 WL 4383046, at *4 (E.D.N.Y. Sept. 20, 2011) (holding that a treating physician may "offer opinion testimony on diagnosis, treatment, prognosis and causation, but solely as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician."); Byrne v. Gracious Living Indus., Inc., No. 1-CV-10153, 2003 WL 446474, at *2 (S.D.N.Y. Feb. 25, 2003) ("A treating physician who is called to testify to information acquired solely in that role, as opposed to giving an opinion formulated for trial, is not an expert" and may testify as to causation).

Accordingly, the treating providers will not be allowed to testify as expert witnesses. However, they will be allowed to testify as fact witnesses regarding their testing, diagnoses, and treatment of Plaintiff, including opinions as to causation of medical issues, so long as that testimony stems from personal knowledge gained from their treatment of Plaintiff.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to Preclude (Dkt. No. 124) is **GRANTED in part** and **DENIED in part**; the Court grants Defendants' motion to preclude the treating physicians from testifying as expert witnesses, but will allow the physicians to testify as fact witnesses, and offer fact and lay opinion testimony as outlined above; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 19, 2022
Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge